**Curtis LANGFORD, Appellant,**

v.

**STATE OF ALABAMA, Appellee.**

**No. 24668.**

United States Court of Appeals
Fifth Circuit.

Jan. 9, 1968.

Robert B. Harwood, Jr., Tuscaloosa, Ala., for appellant.

David W. Clark, Asst. Atty. Gen., Montgomery, Ala., for appellee.

Before BROWN, Chief Judge, and GEWIN and WRIGHT,* Circuit Judges.

PER CURIAM:

On December 17, 1964, appellant represented by court-appointed counsel was convicted in the Twenty-third Judicial Circuit Court of Madison County, Alabama, of robbery and was sentenced to a term of ten years in the State Penitentiary. Appellant's application for a writ of error coram nobis was denied by the state court on April 27, 1966.

On November 30, 1966, the appellant, an indigent, filed in the United States District Court for the Northern District of Alabama a petition for writ of habeas corpus. The district court neither required an answer from the State of Alabama nor held a hearing to inquire into the merits of the allegations contained in the petition. The court denied the petition stating that "after a thorough investigation into the matters alleged in the petition, [the court] is convinced that such allegations are frivolous and without merit." This appeal followed. We reverse and remand the case to the district court for a hearing on appellant's allegations.

Appellant's habeas corpus petition, though inartfully drawn and lacking in technical niceties, clearly states three contentions on which appellant bases his request for habeas corpus relief. They are: (1) petitioner was held without bond for over thirteen months, (2) the coerced confession and guilty plea of one Howard McGlathery led to the arrest and conviction of petitioner, and (3) petitioner requested an appeal but was not advised of his right to appeal as an indigent either by his court-appointed attorney or the presiding judge.

In substance appellant's third allegation plainly states that he was denied the right to appeal his conviction in violation of his constitutional rights. The record is completely devoid of any evidence to support the district court's conclusion that such allegation is frivolous and without merit. Indeed, the State of Alabama has not even been required to answer the allegation. In our view such contention cannot be resolved without a plenary hearing to ascertain the facts.

We therefore remand the case to the district court for a hearing to determine the facts surrounding appellant's alleged attempt to appeal his conviction and

---

* Of the District of Columbia Circuit, sitting by designation.

whether such facts amounted to a deprivation of his constitutional rights. Loper v. Beto, 383 F.2d 400 (5 Cir. 1967).

Reversed and remanded.